[No. 16633.  Department Two.  January 26, 1922.]

THE STATE OF WASHINGTON, *Respondent*, v. R. J. WEIR,
*Appellant*.[1]

CRIMINAL LAW (111)—EVIDENCE—OTHER OFFENSES.  In a prosecu-
tion for uttering a forged check upon a bank, evidence that defend-
ant had previously drawn a number of checks upon a bank in
which he once carried an account, but in which he had no funds
at the time, is inadmissible for the purpose of showing criminal
intent on the charge of forgery.

Appeal from a judgment of the superior court for
King county, Hall, J., entered March 3, 1921, upon a
trial and conviction of forgery.  Reversed.

*Geo. Olson* and *E. P. Donnelly*, for appellant.

*Malcolm Douglas, Eugene Meacham*, and *Chester A.
Batchelor*, for respondent.

MAIN, J.—The defendant was charged by informa-
tion with the crime of uttering a forged check.  The
trial resulted in a verdict of guilty as charged, and
from the judgment entered upon the verdict, the de-
fendant appeals.  On September 27, 1920, the appellant
presented to E. N. Brooks and Company, a corpora-
tion, a check for $28.50 and received value therefor.
The check was signed "L. L. Carter," was drawn upon
the National Bank of Commerce of Seattle, and was
made payable to the order of R. J. Weir, the appellant.
L. L. Carter, the purported drawer of the check, had
no account in the bank upon which it was drawn, and,
so far as the record appears, was a fictitious person.
The theory of the prosecution was that the appellant
drew the check, signed the name L. L. Carter thereto,
and presented it to Brooks and Company, where it was

[1]Reported in 203 Pac. 953.

cashed. The evidence tends to show that the signature, L. L. Carter, was in the handwriting of the appellant. After the check in question had been introduced in evidence, the prosecution offered a bunch of checks, about 30 in number, which had been drawn by the appellant upon the bank in which he previously had an account and which were returned with the notation thereon of "insufficient funds" to cover the checks. The principal error assigned upon the appeal was the reception of these checks in evidence over the objection of the appellant. The appellant relies upon the general rule that, on the prosecution for a particular crime, evidence which in any manner shows, or tends to show, that the accused has committed another crime wholly independent of that for which he is on trial is irrelevant and inadmissible.

The respondent relies upon one of the exceptions to the rule, that evidence of other crimes similar to that charged is relevant and admissible where it shows or tends to show a particular intent which is necessary to constitute the crime charged. The crime of uttering a forged instrument, with which the appellant was charged and convicted, and the crime of drawing a check upon a bank in which the drawer has not sufficient funds to meet it are separate and distinct. The fact that the appellant may have drawn checks in considerable number upon a bank in which he previously had an account but in which, at the time the checks were drawn, there were no funds to meet them, does not tend to establish any element of the crime of uttering a forged check. It is unnecessary here to review the previous cases of this court where the general rule is applied, or the cases which the court held came within one of the exceptions to the rule. In *State v. Bokien*, 14 Wash. 403, 44 Pac. 889, the defendant was

prosecuted and convicted for giving a check upon a bank in which he had no funds, and it was held error in that case to allow the prosecution to introduce testimony of other checks which had been given by the defendant to other persons when he had no funds on deposit. It was there said:

"Upon the trial the court permitted the state to introduce in evidence, over the objection of the defendant, several checks drawn by defendant, prior to the date of the one in question, and to prove that they had been presented to the bank by the various persons to whom they were given, and were not paid because the defendant had no funds on deposit, and that defendant knew that payment thereof had been refused. It seems that this evidence in reference to the drawing and delivery of other checks was admitted for the purpose of showing the condition of defendant's bank account, and, as a consequence, the intent with which he delivered the check to Sharick. There was no connection whatever between the several transactions which were permitted to be shown and that for which the defendant was being tried, and the evidence objected to was therefore incompetent for any purpose. We are, of course, aware that there are exceptions to the general rule that it is not competent to show the commission of another distinct crime by the defendant for the purpose of proving that he is guilty of the crime charged, but we are of the opinion that the evidence here admitted does not come within any of the exceptions. *Commonwealth v. Jackson,* 132 Mass. 16; *Barton v. State,* 18 Ohio 221; 3 Rice, Evidence, pp. 208-211.

"The evidence was not competent to prove the intent of the defendant in the particular transaction mentioned in the information, for the reason that it would not logically or legitimately follow that he intended to defraud Sharick because he had defrauded other parties at various times previously."

The evidence offered and held by the court in that case to be incompetent was more closely connected

with the crime of which the defendant was there charged than is the bunch of N. S. F. checks offered in this case for the purpose of showing that the appellant uttered the forged check with intent to defraud.

There is another assignment of error to the effect that offered testimony should have been received, but the appellant does not seem to place much reliance upon this. It is sufficient to say that the trial court properly rejected the offered testimony of which the appellant in his briefs complains.

The judgment will be reversed, and the cause remanded for new trial.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.